## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Northern Spirits Stillwater LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Water to Wine LLC and Chad Moe,<br><br>    Defendants. | Case No. 22-cv-00514 (SRN/DJF)<br><br><br>**ORDER ON DEFENDANTS'<br>MOTION FOR PARTIAL<br>JUDGMENT ON THE PLEADINGS** |

Aaron D. Hall, Hall PC, 3572 117th Lane NE, Minneapolis, MN 55449; and Lucas J. Thompson, Thompson Horst, PLLC, 7760 France Avenue, Floor 11, Edina, MN 55435, for Plaintiff.

Jon R. Steckler, Madigan, Dahl & Harlan, P.A., 33 South 6th Street, Suite 3675, Minneapolis, MN 55402, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendants Water to Wine LLC ("W2W") and Chad Moe's Motion for Partial Judgment on the Pleadings [Doc. No. 24]. For the reasons set forth below, the Court denies Defendants' Motion.

## I.     BACKGROUND

### A.     The Agreement

In February 2021, Defendant Chad Moe informed Plaintiff Northern Spirits Stillwater LLC ("Northern Spirits") that he intended to sell "all of his Cellars Wine & Spirits locations." (Am. Compl. [Doc. No. 21] ¶ 8.) As part of this decision, he offered to sell the assets of the Cellars Wine & Spirits located at 1920 Market Drive, Stillwater,

Minnesota ("Stillwater CWS"). (*Id.* ¶ 9.) According to Northern Spirits, Mr. Moe represented that he "would not own or operate any competing business" within a 10-mile radius of the Stillwater store. (*Id.* ¶ 10.)

Sometime later that month, the parties entered into a Business Sale Agreement ("Agreement").[1] (Am. Compl., Ex. A (Agreement) at 1.) The Agreement provides for the sale of W2W's "Business Assets":

> Seller hereby sells to Buyer all the equipment, inventory, customer files, vendor files, tradename, web site content and rights, domain name, URL's, Internet domain names, furniture, fixtures, machinery and tools, goodwill, supplies, leasehold improvements, including, but not limited to, the property listed on the attached Exhibit A (the "Assets") used in Cellars Wine & Spirits (the "Business"), presently located at 1920 Market Drive, Stillwater, MN 55082 (the "Premises"). Seller hereby delivers to Buyer all title and rights to same subject only to those liens and encumbrances disclosed in the Bill of Sale of even date herewith. Seller agrees that the sale price is $450,000.00, which includes $250,000.00 of inventory, at cost.

(*Id.* ¶ 1.) Northern Spirits paid the sale price in full. (Am. Compl. ¶ 15.)

Two key provisions are the subject of this dispute. One is the Agreement's "Covenant Not to Compete":

> Water to Wine, LLC and Chad Moe agree that they will not directly or indirectly, alone or in concert with others, compete in the same or similar type Business for a period of three (3) years and within a radius often (10) miles of said business. In the event such covenant is found by a court of competent jurisdiction to be unreasonable, such covenant shall be in force for the period and within the area such court deems to be reasonable. Water to Wine, LLC and Chad Moe acknowledge that a breach by them of this covenant would cause Buyer irreparable harm which could not be adequately compensated by damages at law, and therefore expressly agrees that Buyer

---

[1] The Business Sale Agreement is not dated, however neither party contests its authenticity and the date of its execution is not material to the case. (*See* Am. Compl., Ex. A (Agreement) at 1.)

shall be entitled to injunctive or other equitable relief to prevent a breach of this covenant, in addition to such other remedies which may be legally available to Buyer. The duration of this covenant shall be extended by the length of any violation of this covenant.

 (Agreement ¶ 4.)

The second key provision in dispute is Paragraph 6 that provides: "<u>Tradename.</u> Seller hereby grants Buyer the Tradename 'Cellars Wine & Spirits'." (*Id.* ¶ 6.)

Mr. Moe signed the contract twice: first, in his capacity as President of W2W; and second, he "personally guarantee[d] paragraphs 4 and 5."[2] (*Id.* at 5.)

Northern Spirits alleges that after signing the Agreement, Mr. Moe "continued to operate a competing business, Cellars Wine & Spirits – Hudson, at 131 Carmichael Road, #102, Hudson, Wisconsin 54016." (Am. Compl. ¶ 26.) Northern Spirits alleges that Cellars Wine & Spirits – Hudson ("Hudson CWS") is approximately 7.64 miles from the Stillwater CWS. (*Id.* ¶ 28.) The continued operation of the Hudson CWS instigated this suit.

**B.    Procedural History**

Northern Spirits filed suit in Washington County District Court on February 3, 2022, alleging: breach of contract (Claim 1); violations of the Lanham Act, "11 U.S.C. § 1125(a)(1)",[3] and the Minnesota Uniform Deceptive Trade Practices Act ("MUDTPA") (Claim 2); fraud, misrepresentation, and deceptive practices in violation of Minn. Stat. § 325F.69 (Claim 3); false statements in advertising in violation of Minn. Stat. § 325F.67

---

[2] Paragraph 5 of the Agreement is not at issue.

[3] Northern Spirits miscited the Lanham Act, which appears in Chapter 15 of the United States Code. 15 U.S.C. § 1051 *et seq.*

(Claim 4); and unjust enrichment (Claim 5). (First Steckler Decl. [Doc. No. 3], Ex. 1 (Compl.) ¶ 36–72.) Invoking diversity jurisdiction, Defendants removed the case to this Court on March 1, 2022. (Notice of Removal [Doc. No. 1] at 2.)

Defendants filed a joint Answer as well as a Counterclaim alleging "Fraud / Bad Faith." (Joint Answer & Countercl. [Doc. No. 6] at 8–9.) Thereafter, Northern Spirits filed an Amended Complaint alleging the same causes of action as its original Complaint. (Am. Compl.) Defendants in turn filed an Amended Answer, incorporating their Counterclaim. (Am. Answer [Doc. No. 22].)

On September 8, 2022, Defendants moved for Partial Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing that Claims 2, 3, and 4 fail to state a claim upon which relief can be granted. (Defs.' Mot. [Doc. No. 24]; Defs.' Mem. [Doc. No. 26] at 2.) In its opposition, Northern Spirits agreed to voluntarily dismiss Claims 3 and 4.[4] (Pl.'s Opp'n [Doc. No. 34] at 1.) Thus, only Claim 2 remains in dispute on Defendants' Motion.

The Court held oral argument on October 20, 2022. (Hr'g Minutes [Doc. No. 40].) While Defendants style their Motion as asserting the failure to state a claim, Defendants' initial briefing and their contentions at oral argument focused on Northern Spirits' failure to join Mobu LLC ("Mobu") as a party. The Court ordered supplemental briefing from the

---

[4] Defendants request that the Court order Northern Spirits to show cause why its previous refusal to dismiss these claims does not violate Rule 11(b). (Defs.' Reply [Doc. No. 36] at 7.) It is common practice for parties to streamline their claims over the course of litigation. Northern Spirits' refusal to dismiss these claims according to Defendants' preferred timeline does not render them frivolous, nor have Defendants provided any authority to the contrary. The Court therefore declines Defendants' request.

parties for further clarification as to whether Mobu is a "necessary party" within the meaning of Federal Rule of Civil Procedure 19.[5] (*Id.*)

From the supplemental briefing, all parties appear to agree that Mobu is a necessary party. (Defs.' Supp. Mem. at 7; Pl.'s Supp. Mem. at 3–4.) For its part, Northern Spirits requests permission to amend its Amended Complaint to join Mobu or in the alternative, requests that the Court effect Mobu's joinder. (Pl.'s Supp. Mem. at 4.)

In light of these developments, the Court construes Defendants' Motion as seeking judgment on the pleadings based on Northern Spirits' failure to join a required party. *See* Fed. R. Civ. P. 12(h)(2)(B) (failure to join a party under Rule 19 may be raised on a Rule 12(c) motion).

## II.   STANDARD OF REVIEW

Judgment on the pleadings is appropriate if, "accepting all facts pled by the nonmoving party as true and drawing all reasonable inferences from the facts in favor of the nonmoving party, the movant has clearly established that no material issue of fact remains and that the movant is entitled to judgment as a matter of law." *Schnuck Mkts., Inc. v. First Data Merch. Servs. Corp.*, 852 F.3d 732, 737 (8th Cir. 2017). The Court ordinarily does not consider matters outside the pleadings on a motion under Rule 12(c). *See* Fed. R. Civ. P. 12(d). The Court may, however, "consider the pleadings themselves,

---

[5] The Court also ordered Northern Spirits to pay the fees to cure its administrative termination, which it appears to have done. *See* Secretary of State, Business Record Details: Northern Spirits Stillwater LLC, https://mblsportal.sos.state.mn.us/Business/SearchDetails?filingGuid=6dfcd044-9b0c-eb11-91a3-00155d32b905 (last visited Mar. 2, 2023) (showing Northern Spirits' status as "Active / In Good Standing").

materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010) (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).

In addition, "because granting a Rule 12(c) motion 'summarily extinguish[es] litigation at the threshold and foreclose[s] the opportunity for discovery and factual presentation,' courts must treat such motions with the 'greatest of care.'" *Acosta v. Reliance Tr. Co.*, No. 17-cv-4540 (SRN/ECW), 2019 WL 3766379, at *7 (D. Minn. Aug. 9, 2019) (quoting *Comcast Cable Commc'ns, LLC v. Hourani*, 190 F. Supp. 3d 29, 32 (D.D.C. 2016)).

## III.   DISCUSSION

Northern Spirits' Claim 2 alleges violations of the Lanham Act, 15 U.S.C. § 1125(a), and the MUDTPA for unregistered trademark infringement. (Am. Compl. ¶ 38–52; Pl.'s Opp'n at 4.) Northern Spirits asserts that by continuing to operate the Hudson CWS, despite transferring the "Cellars Wine & Spirits" trade name through the Agreement, Defendants engaged in false advertising and otherwise deceived the public. (Am. Compl. ¶ 39–50.)

The Court need not address the elements of unregistered trademark infringement under the Lanham Act,[6] as Defendants do not challenge the claim on the merits. Rather,

---

[6] Northern Spirits' state law claim under the MUDTPA is coextensive with its Lanham Act claim. *DaimlerChrysler AG v. Bloom*, 315 F.3d 932, 935 n.3 (8th Cir. 2003) (collecting cases holding that the analysis is identical).

Defendants argue that Claim 2 fails because "[s]imply put, Plaintiff has sued the wrong parties[.]" (Defs.' Mem. at 2.)

Specifically, Defendants assert that W2W is dissolved and non-operational and thus cannot be liable for purported ongoing infringement. (*Id.* at 5.) As for Mr. Moe, Defendants contend that he is not bound by the Agreement's trade name provision, and that even if he was, he is not responsible for the alleged infringement at the Hudson CWS. (*Id.* at 4–5.) Rather, Defendants assert that the Hudson CWS is owned and operated by a separate corporate entity: Mobu LLC. (*Id.* at 8–10; Defs.' Reply at 3 ("[N]either *named* Defendant . . . are the store at which Plaintiff alleges the conduct has occurred." (emphasis in original)).)[7] Without any allegations against Mobu or Mr. Moe in his representative capacity, Defendants urge, Northern Spirits does not state a claim for trademark infringement concerning the Hudson CWS. (Defs.' Reply at 3.)

Northern Spirits counters that Mr. Moe owns and operates Mobu, which Defendants admit, meaning he is "plainly the principal of the Hudson store." (Pl.'s Opp'n at 3 (quoting Defs.' Mem. at 9).) As such, Northern Spirits contends that Mr. Moe may be held liable for Mobu's trademark infringement because he is responsible for the infringing activity. (*Id.* at 5–6.)

---

[7] Defendants submitted a copy of the liquor license granted to "MOBU LLC, Chadwick R. Moe, Agent" by the City of Hudson for the location "Cellars Wines & Spirits, 131 Carmichael Rd, Hudson, WI 54016. (Second Steckler Decl., Ex. 2.) The Court assumes for the purposes of this Motion that this license is sufficient to prove Mobu's ownership of the Hudson CWS.

The Court will briefly address W2W's liability before turning to Mr. Moe's liability and whether Mobu is a necessary party.

### A.      Water to Wine's Liability

Defendants assert that W2W cannot be liable as a dissolved legal entity that is no longer operational. (Defs.' Mem. at 8; Defs.' Supp. Mem. at 2.) For support, Defendants submit a letter from the Deputy Administrator of Wisconsin's Department of Financial Institutions, Division of Corporate & Consumer Services, certifying the receipt of W2W's Articles of Dissolution on April 15, 2022. (Second Steckler Decl. [Doc. No. 27], Ex. 1 (Dissolution Letter).)

Although the Court may consider public records on a Rule 12(c) motion, *Mills*, 614 F.3d at 498, this letter does not establish that W2W is not liable for trademark infringement. Wisconsin Limited liability companies continue to exist after dissolution for the purpose of "winding up." Wisc. Stat. § 183.0702(1) (2023). "In winding up its activities and affairs, a limited liability company may . . . [p]rosecute and defend actions and proceedings, whether civil, criminal, or administrative." Wisc. Stat. § 183.0702(2) (2023). Thus, dissolution alone does not absolve W2W of the responsibility to defend its actions in this suit.

Moreover, W2W filed its articles of dissolution more than six weeks after Northern Spirits filed this lawsuit. (*Compare* Dissolution Letter *with* Compl.) W2W has not submitted any evidence to demonstrate that it did not infringe during that period. At this early stage in the litigation, without additional evidence, there is a question of material fact as to whether W2W engaged in trademark infringement before its dissolution.

8

Viewing the allegations in the light most favorable to Northern Spirits, W2W has not met its burden to demonstrate that it is entitled to judgment as a matter of law. Accordingly, the Court denies Defendants' Motion for Partial Judgment on the Pleadings as to W2W's liability under Claim 2.

### B.   Mr. Moe's Liability and Mobu's Joinder

Next, the Court addresses whether Mr. Moe may be sued in Mobu's absence.

#### 1.   Rule 19

Rule 19 establishes a two-part inquiry for determining whether an action should be dismissed for failure to join a necessary party. First, Rule 19(a)(1) defines "required" parties who must be joined:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). The Court must join required parties if feasible. Fed. R. Civ. P. 19(a)(2) ("If a person has not been joined as required, the court must order that the person be made a party.").

Second, if joinder is not feasible the Court must then determine "whether, in equity and good conscience, the action should proceed among the existing parties or should be

9

dismissed." Fed. R. Civ. P. 19(b). Rule 19(b) provides several factors to consider. *Id.* In general, "[d]etermining whether an entity is an indispensable party is a highly-practical, fact-based endeavor." *Fort Yates Pub. Sch. Dist. No. 4 v. Murphy ex rel. C.M.B.*, 786 F.3d 662, 671 (8th Cir. 2015). Dismissal under Rule 19(b) is disfavored. *Id.*

In their supplemental briefing, Defendants appear to argue that Mobu is a required party under both 19(a)(1)(A) and 19(a)(1)(B). (Defs.' Supp. Mem. at 7.) Northern Spirits also appears to concede that Mobu is required. (Pl.'s Supp. Mem. at 3–4.) The Court agrees with the parties that Mobu is required under either prong.

### a.      Complete Relief Among the Parties

Defendants note that Northern Spirits requests an injunction to stop the use of the disputed "Cellars Wine and Spirits" trade name by Hudson CWS. (Defs.' Supp. Mem. at 7.) As an absent party, they assert, Mobu would not be subject to an injunction issued against the present parties. (*Id.*) Thus, Defendants maintain that the Court cannot grant Northern Spirits the relief it seeks. (*Id.*)

"The focus of Rule 19(a)(1) is on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." *Cedar Rapids Bank & Trust Co. v. Mako One Corp.*, 919 F.3d 529, 534–35 (8th Cir. 2019). However, "[t]he requirement under Rule 19(a)(1) that complete relief be available does not mean that every type of relief sought must be available, only that meaningful relief be available." *Henne v. Wright*, 904 F.2d 1208, 1212 (8th Cir. 1990).

Meaningful relief for Northern Spirits means the cessation of Hudson CWS' alleged infringing use of the disputed trade name—that is, Northern Spirits requests injunctive

relief. (*See* Am. Compl. ¶ 51; *id.* at 10 (Prayer for Relief).) If Northern Spirits prevails here, at most the Court could enjoin Mr. Moe personally or in his capacity as an agent of W2W. Mobu would not be directly enjoined and thus would be free to continue the alleged infringing activity absent additional litigation brought by Northern Spirits.[8]

But there is a more fundamental problem: the Court cannot afford Northern Spirits relief against Mr. Moe for his actions at the Hudson CWS without Mobu. To be clear, Northern Spirits does not ask the Court to conduct a veil-piercing analysis. (Pl.'s Opp'n at 6.) Rather, Northern Spirits asserts that Mr. Moe may be held individually liable as a direct participant in Hudson CWS' infringement. (*Id.*) In essence, Northern Spirits argues that Mr. Moe is secondarily liable as a joint tortfeasor.

Because the Lanham Act derives from the common law tort of unfair competition, courts have turned to basic tort principles to determine the scope of liability under the Act. *See Duty Free Ams., Inc. v. Estee Lauder Cos., Inc.*, 797 F.3d 1248, 1276 (11th Cir. 2015) (quoting *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1433

---

[8] Technically, Rule 65(d) provides that an injunction binds "the parties . . . [and] other persons who are in active concert or participation" with the parties. Fed. R. Civ. P. 65(d). This means that "a nonparty with actual notice [of an injunction] may be held in contempt where the nonparty aids or abets a named party in a concerted violation of a court order." *Indep. Fed'n of Flight Attendants v. Cooper*, 134 F.3d 917, 920 (8th Cir. 1998). The burden would lie with Northern Spirits to prove by clear and convincing evidence that Mobu aided and abetted Mr. Moe in trademark infringement. *Id.*

The possibility that Northern Spirits could prevail in such speculative future litigation does not convince the Court that Mobu should not be joined. Rule 19 is a "pragmatic rule whose application turns on considerations of efficiency and fairness in the particular case." *Baker Grp., L.C. v. Burlington N. & Santa Fe Ry. Co.*, 451 F.3d 484, 491 (8th Cir. 2006). The interest in avoiding duplicative litigation over Northern Spirits' trademark rights outweighs the hypothetical enforcement option provided by Rule 65(d).

(3d Cir. 1994)). In addition to direct liability, courts recognize two types of secondary liability: vicarious and contributory. *See* Trademark Litigation: Secondary Liability, Practical Law Practice Note W-019-6068 (2023 Westlaw) (discussing both types); *see also Goddard, Inc. v. Henry's Foods, Inc.*, 291 F. Supp. 2d 1021, 1036 (D. Minn. 2003) ("It is clear that the Lanham Act, does not, by its plain terms, limit liability to a direct infringer, but allows for secondary liability.").

With respect to vicarious liability, a defendant may be liable for trademark infringement where "the defendant and the infringer have an apparent and actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product." *Hard Rock Café Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1150 (7th Cir. 1992); *Sales Bd. v. Pfizer, Inc.*, 644 F. Supp. 2d 1127, 1130 (D. Minn. 2009) (same). As for contributory infringement, a defendant may be liable for "either intentionally causing or knowingly facilitating the infringement of the plaintiff's mark by a third party." *1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1240 (10th Cir. 2013); *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) ("If an individual actively and knowingly caused the infringement, he is personally liable.").[9] Northern Spirits' arguments seem to align with a contributory infringement theory. (Pl.'s Opp'n at 4–6.)

---

[9] The Eighth Circuit has not extensively developed these doctrines, although it has recognized the claim of contributory infringement. *See Georgia-Pacific Consumer Prods. LP v. Myers Supply, Inc.*, 621 F.3d 771, 774 (8th Cir. 2015) (citing *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 854 (1982)).

However, regardless of the type of secondary liability that Northern Spirits alleges, "[v]icarious and contributory liability must be predicated on some direct infringement by the third party." *1-800 Contacts, Inc.*, 772 F.3d at 1249; *see also Phoenix Ent. Partners, LLC v. Sports Legends, LLC*, 306 F. Supp. 3d 1112, 1120 (E.D. Mo. 2018) ("[T]here must be underlying direct infringement by someone other than the secondarily liable defendant in order to hold that defendant liable on a contributory infringement theory." (quoting *Phoenix Ent. Partners LLC v. Boyte*, 247 F. Supp. 3d 791, 797 (S.D. Tex. 2017))); *Cortec Corp. v. Corpac GmbH & Co. KG*, No. 22-cv-476 (KMM/ECW), 2023 WL 171791, at *3 (D. Minn. Jan. 12, 2023) (slip copy) (same). In short, the Court first would need to find Mobu liable for infringement as owner of Hudson CWS before analyzing whether Mr. Moe may also be held liable for his actions on behalf of Mobu.

Northern Spirits relies on this Court's decision in *Zerorez Franchising System, Inc. v. Distinctive Cleaning, Inc.*, 103 F. Supp. 3d 1032 (D. Minn. 2015), for the proposition that it may assert its claim without naming Mobu as a party. (Pl.'s Opp'n at 5.) But in that decision, the Court first found the named corporate defendant liable before turning to the personal liability of the corporate officer. *Zerorez*, 103 F. Supp. 3d at 1040–45. The same occurred in the other case that Northern Spirits cites, *Edmondson v. Velvet Lifestyles, LLC*, 43 F.4th 1153, 1160–61 (11th Cir. 2022). These cases thus exemplify the rule that Mr. Moe's liability must be predicated upon Mobu's underlying liability for direct infringement.

Because the Court cannot find Mr. Moe liable for infringement at the Hudson CWS without Mobu as a party, and because the Court cannot grant an injunction against Mobu

in its absence, the Court cannot accord complete relief among the existing parties. The Court therefore finds that Mobu is a "required" party under Rule 19(a)(1)(A).

**b.     Claims an Interest**

Defendants also contend that "Mobu maintains an interest in its historical and current use of the trade name." (Defs.' Supp. Mem. at 7.) Moreover, Defendants argue that because the exact name of the Hudson store is "The Cellars Wines & Spirits," two common law trade names are in dispute. (Defs.' Mem. at 8 n.5; Defs.' Supp. Mem. at 5–6; *id.* at 5 n.5.) They assert that Mobu's operation of the Hudson CWS for years prior to the execution of the Agreement establishes that Mobu holds the common law trademark rights to these trade names. (Defs.' Supp. Mem. at 4–6.) As such, Defendants contend that adjudication of this dispute in Mobu's absence would impact Mobu's rights to and use of these trade names. (*Id.* at 7.)

Preliminarily, the Court notes that Mobu itself has not claimed an interest, formally or informally, in this case. *See Farms v. Kuehl Poultry LLC*, No. 19-cv-3040 (ECT/BRT), 2020 WL 2490048, at *4 n.3 (D. Minn. May 14, 2020) (slip copy) (collecting cases in this District requiring an absent party to "assert the interest affirmatively through a court filing or like procedure—in other words, to formally express their desire to participate as a party in the case."). However, because Mr. Moe states that he is the owner and operator of Mobu, (Defs.' Mem. at 9), the Court assumes without deciding that it is unnecessary for Mobu to separately claim its interest here.

Next, Mobu bears the burden of proving its common-law trademark rights. *First Bank v. First Bank Sys., Inc.*, 84 F.3d 1040, 1044–45 (8th Cir. 1996). This involves

14

establishing facts about the mark's distinctiveness, its historic use by the parties, and its association with a particular source in consumers' minds. *Id.* These issues of material fact are irresolvable on the incomplete record before the Court at this stage.

Regardless, these issues illustrate the problem posed by deciding Northern Spirits' trademark infringement claim without Mobu. Courts regularly hold that trademark owners are required parties under Rule 19. *See, e.g.*, *Lee v. Anthony Lawrence Collection, L.L.C.*, 47 F.4th 262, 267 (5th Cir. 2022) (holding that where the absent party claims common-law rights in the disputed trademark, "[b]ecause ownership of the mark is what th[e] case is ultimately about, Rule 19's interest in 'protect[ing] interested parties and avoid[ing] waste of judicial resources' would counsel in favor of [absent party's] inclusion." (quoting *Askew v. Sheriff of Cook Cnty., Ill.*, 568 F.3d 632, 634 (7th Cir. 2009))), *cert. granted,* No. 22-483 (Nov. 21, 2022); *Delta Med. Sys., Inc. v. DRE Health Corp.*, No. 1:21-cv-01687 (WMR), 2021 WL 6752169, at *4 (N.D. Ga. Nov. 8, 2021) (slip copy) (finding trademark co-owners required parties because their "interest in and ability to enforce or use their mark could . . . be impaired during the litigation"); *Jaguar Cars Ltd. v. Manufactures Des Montres Jaguar, S.A.*, 196 F.R.D. 306, 308–09 (E.D. Mich. 2000); *May Apparel Grp., Inc. v. Ava Import-Export, Inc.*, 902 F. Supp. 93, 96 (M.D.N.C. 1995) (explaining that finding that absent trademark owners are indispensable parties protects them from negative estoppel effects, protects plaintiffs from multiple suits, and protects the public interest by "efficiently utilizing judicial resources.").

This authority, and practical concerns about the fair and efficient administration of this case, weigh in favor of finding Mobu a required party under Rule 19(a)(1)(B).

### c. Feasibility of Mobu's Joinder

Having determined that Mobu is a required party under both 19(a)(1)(A) and 19(a)(1)(B), the Court next evaluates whether Mobu's joinder is feasible. Fed. R. Civ. P. 19(a). Defendants fail to identify any reason, practical or legal, why Mobu cannot be joined in this action. (*See generally* Defs.' Supp. Mem.) There appears to be no risk of destroying complete diversity, as Mobu appears to be a citizen of Wisconsin, and the Court has federal question jurisdiction over the Lanham Act claim. 28 U.S.C. § 1331–1332. The Court therefore determines that it is feasible to join Mobu as a party.

Finally, the Court need not analyze indispensability under Rule 19(b) because dismissal is only appropriate when the required party cannot be joined. *See, e.g.*, *Spirit Lake Tribe v. North Dakota*, 262 F.3d 732, 746 (8th Cir. 2001), *cert. denied*, 535 U.S. 988 (2002) ("Rule 19(b) authorizes a district court to exercise its equitable powers to dismiss an action if a party regarded as 'indispensable' *cannot be joined*.") (emphasis added); *Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1280 (11th Cir. 2003) (recognizing that the court need not resolve indispensability under Rule 19(b) when an absent entity "readily can be made a party to [the] action").

As Mobu is a required party whose joinder is feasible, dismissal is improper under Rule 19. Accordingly, the Court denies Defendants' Motion for Partial Judgment on the Pleadings based on Northern Spirits' failure to join Mobu.

### C.       Northern Spirits' Request to Amend

While the Court holds the power to order Mobu's joinder, *see* Fed. R. Civ. P. 19(a)(2), Northern Spirits has also requested permission to amend its complaint for that purpose. (Pl.'s Opp'n at 4.)

Rule 15 instructs that the Court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(2). In this case, justice requires amendment. None of the compelling reasons for which the Court may deny the request—"undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility"—are present here. *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007).

Moreover, all parties agree that Mobu is necessary. And for the reasons explained above, the full resolution of Northern Spirits' trademark infringement claim requires Mobu's presence. In addition, because Northern Spirits has agreed to voluntarily dismiss Claims 3 and 4, amendment will streamline the surviving claims for the record.[10]

---

[10] Furthermore, the Court finds persuasive that Rule 15 allows for relation back of an amended complaint when a newly-added party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). Although there are no statute of limitations issues here, this provision applies to the Defendants' situation: Mr. Moe is a named defendant, he is the owner of the other named defendant, and he is also the owner of the party to be joined. It is not clear why Northern Spirits omitted Mobu from both its initial and amended complaints, but fairness suggests that Mobu should be joined because its owner had actual notice of the action from the start.

Accordingly, the Court grants Northern Spirits leave to amend its complaint a second time to join Mobu as a party and to include allegations against Mobu under Claim 2.[11]

## IV.   CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Partial Judgment on the Pleadings [Doc. No. 24] as to Claim 2 is **DENIED**;

2. Pursuant to Plaintiff's voluntary dismissal, Claims 3 and 4 are **DISMISSED WITH PREJUDICE**; and

3. Plaintiff's request to file a Second Amended Complaint to add Mobu LLC as a party is **GRANTED**.


Dated: March 8, 2023                           s/ Susan Richard Nelson
                                               SUSAN RICHARD NELSON
                                               United States District Judge

---

[11] Although Local Rule 15.1 requires Northern Spirits to file "(1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows . . . how the proposed amended pleading differs from the operative pleading," the Court will excuse Northern Spirits' failure to do so in this case. Local Rule 15.1.